IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ANTHONY CALLA,<br><br>Plaintiff,<br><br>v.<br><br>ISAAC ORTIZ and<br>MARYNE HERNANDEZ,<br><br>Defendants. | CIVIL ACTION NO. 3:24-cv-00159<br><br>(Removed from the 41st District Court of El Paso County, State of Texas, Case No. 2024DCV1189) |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants Isaac Ortiz ("Ortiz") and Maryne Hernandez ("Hernandez" and collectively "Defendants"), by their attorneys, Lubin & Enoch, P.C., file this Notice of Removal of the above captioned action from the 41st District Court of El Paso County, State of Texas ("State Court") based on the following grounds:

1. On or about March 18, 2023, this action was commenced by Plaintiff against the Defendants, federal employee union officers, in the State Court and is currently pending in that Court as Case No. 2024DCV1189.

2. Ortiz, who was never served with a copy of Plaintiff's General Complaint dated March 18, 2024, was served with a copy of the Plaintiff's First Amended Complaint on May 8, 2024.

3. During all time periods relevant to this lawsuit, Ortiz was the President of Local 0083 of the American Federation of Government Employees, AFL-CIO ("AFGE Local 0083").

4. Hernandez was served with a copy of the Plaintiff's General Complaint on April 16, 2024.

5. During all time periods relevant to this lawsuit, Hernandez was the Vice-President of AFGE Local 0083.

6. AFGE Local 0083 is a member of AFGE's Council of Prison Locals and it represents the bargaining unit workers employed by the U.S. Department of Justice, Federal Bureau of Prisons, at the Federal Correctional Institution, La Tuna, located in Anthony, Texas. In addition to serving as union officers, both Ortiz and Hernandez are employed by the federal government at La Tuna.

7. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders that have been filed in this action are attached hereto as Exhibits 1, 7-13. Exhibits 2-6 will be filed under supplement.

8. Plaintiff's Motion for Amended Petition dated April 29, 2024, is pending before the State Court and the Defendants do not oppose the granting of said motion.

9. The above-captioned case is a civil action that may be removed to this Court under 28 U.S.C. § 1441(a) because this Court has federal question jurisdiction over this matter, pursuant to 28 U.S.C. § 1331.

10. This Court has original jurisdiction, pursuant to 28 U.S.C. § 1331, because Plaintiff's complaint alleges causes of action that are preempted by federal law. *See Local 926, Int'l Union of Operating Eng'rs v. Jones*, 460 U.S. 669, 676-79 (1983). Specifically, Plaintiff's complaint is preempted by the: (1) Federal Service Labor-Management Relations Statute, 5 U.S.C., Chapter 71, 7101, *et seq.* and the Civil Service Reform Act of 1978;[1] (2) fact that Defendants' alleged tortious conduct was committed while acting on behalf of, and pursuant to directives, policies and programs promulgated by, the United States; and (3) fact that Plaintiff's claims will "necessarily turn[] on some construction of federal law." *See Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983).

11. Venue is appropriate in this Court because the State Court where the action is pending is located in the U.S. District Court for the Western District of Texas - El Paso Division. *See* 28 U.S.C. § 1441(a).

12. Defendants consent to this Notice of Removal.

13. The Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b)(1), because it is being filed within thirty (30) days of service of the Plaintiff's General and First Amended Complaint.

---

[1] The statute allows certain non-postal federal employees to organize, bargain collectively, and to participate through labor organizations of their choice in decisions affecting their working lives. The statute defines and lists the rights of employees, labor organizations, and agencies to reflect the public-interest demand for the highest standards of employee performance and the efficient accomplishment of government operations. *See* 5 U.S.C. § 7101(a)(2). Specifically, the Statute requires that its provisions "should be interpreted in a manner consistent with the requirement of an effective and efficient Government." 5 U.S.C. § 7101(b).

14. A copy of this Notice of Removal is being served this date on Plaintiff, pursuant to 28 U.S.C. § 1446(d).

15. A copy of this Notice of Removal will also be promptly filed with the Clerk of the State Court pursuant to 28 U.S.C. § 1446(d).

By this Notice of Removal, the Defendants do not waive, and hereby expressly reserve, any defenses they may have, including, but not limited to, any defenses that may be asserted pursuant to Federal Rule of Civil Procedure 12.

Pursuant to the foregoing, Defendants respectfully remove this matter from the State Court to this Court for determination of all issues.

DATED this 13th day of May, 2024.

/s/ Nicholas J. Enoch
Nicholas J. Enoch, Esq.
State Bar No. 24042618
nick@lubinandenoch.com
Clara S. Bustamante
State Bar No. 24115993
clara@lubinandenoch.com
Margot Veranes
State Bar No. 24138631
margot@lubinandenoch.com
LUBIN & ENOCH, P.C.
221 North Kansas Street, Ste. 700
El Paso, Texas 79901
Telephone:   (915) 585-8008
Facsimile:   (602) 626-3586
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of May, 2024, I electronically transmitted the attached Notice to the U.S. District Court Clerk's office using the CM/ECF System for filing.   I further certify that a true copy of the above Defendants' Notice has this day been served by: (1) e-mail (anthony.calla1234@gmail.com); and (2) regular mail by depositing it in the mail prepaid and properly addressed to:

Anthony Nicholas Calla
13474 Hazlewood Street
Horizon City, Texas 79928
Plaintiff *pro se*


/s/ Nicholas J. Enoch, Esq.